UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jesus Sima N Donq Mangue, | Case No. 2:26-cv-00586-CDS-DJA |
| Petitioner | **Order Granting in Part the Petitioner's First Amended Petition and Denying the Respondents' Motion to Dismiss** |
| v. | |
| Todd Blanche, et al., | |
| Respondents | [ECF Nos. 12, 18] |

Petitioner Jesus Sima N Donq Mangue initiated this action by filing a pro se writ of habeas corpus petition. Pet., ECF No. 5. On March 10, 2026, counsel entered a notice of appearance on behalf of the petitioner. Notice, ECF No. 7. Thereafter, the parties filed a stipulation for an extension of time for the petitioner to file an amended petition, ECF No. 9, and the court entered an order approving the stipulation, ECF No. 10.[1] N Donq Mangue filed his first amended petition for writ of habeas corpus on April 17, 2026. First am. pet., ECF No. 12. In response, the respondents filed a motion to dismiss. Mot. to dismiss, ECF No. 18. N Donq Mangue filed a reply to his petition which also addressed the respondents' motion to dismiss. Reply, ECF No. 19.[2] Having considered the pleadings, I grant N Donq Mangue's first amended petition, and deny the respondents' motion to dismiss.

I.      Background

N Donq Mangue is a citizen of Equatorial Guinea who was lawfully admitted into the United States on September 6, 2016, when he presented himself at the Port of Miami International Airport. ECF No. 12 at 2, 4. When arriving to the United States, N Donq Mangue presented a tourist visa that was valid for five years and allowed him to stay in the United States for six consecutive months. *Id.*

---

[1] Pursuant to the stipulation, the respondents' response was due by April 30, 2026. *See* ECF Nos. 9, 10.
[2] For judicial efficiency, I construe the petitioner's docketed reply as both a reply to his amended petition (ECF No. 12) and a response to the respondents' motion (ECF No. 18).

On January 28, 2023, N Donq Mangue was arrested and charged with misdemeanor assault with substantial bodily harm in violation of Utah Code § 76-5-102(2)+(3BI) and misdemeanor unlawful detention in violation of Utah Code § 76-5-304(2A). ECF No. 12 at 5–6; 2023 misdemeanor docket, Pet'r's Ex. 2, ECF No. 12-3. Both counts were dismissed with prejudice on October 25, 2023. ECF No. 12 at 6. Also in 2023, N Donq Mangue was charged with a misdemeanor violation of a pretrial protective order in violation of Utah Code § 78B-7-806(2)(E). ECF No. 12 at 6; DHS record, Pet'r's Ex. 1 at 3–4, ECF No. 12-2. This charge was dismissed on December 12, 2023. ECF No. 12 at 6.

Then, on February 5, 2025, N Donq Mangue was arrested in Salt Lake City, Utah, and charged with misdemeanor theft in violation of Utah Code § 76-6-404(2)+(3CI). *Id.*[3] Three days later, N Donq Mangue was arrested in Salt Lake City, Utah, and charged with two misdemeanor offenses: (1) criminal mischief in violation of Utah Code § 76-8-305.5; and (2) possession of a controlled substance in violation of Utah Code § 58-37-8(2). *Id.* On August 19, 2025, the petitioner pled guilty to criminal mischief and failure to stop at the command of the law enforcement. *Id.*; 2025 Sentence, j., commitment, Pet'r's Ex. 4, ECF No. 12-5. The misdemeanor possession of a controlled substance offense was dismissed. ECF No. 12 at 7.

On August 24, 2025, N Donq Mangue was taken into immigration custody. *Id.* at 3. N Donq Mangue had his first bond hearing on September 29, 2025. *Id.* at 7. As alleged in the amended petition, during the hearing, the government erroneously argued that N Donq Mangue was subject to mandatory detention under the Laken Riley Act (LRA) because of his 2023 misdemeanor assault arrest and his 2025 misdemeanor theft arrest. *Id.* The petitioner contends that this argument is erroneous because those charges were dismissed with prejudice. *Id.*

N Donq Mangue appeared for a second bond hearing on October 2, 2025, and the IJ found that N Donq Mangue was a flight risk due to the petitioner overstaying his visa and found that the petitioner "accepts no responsibility for his criminal charges." *Id.*; Oct. 2, 2025 bond

---

[3] On June 3, 2025, the theft charge was dismissed with prejudice. ECF No. 12 at 6.

redetermination order, Pet'r's Ex. 5, ECF No. 12-6. On March 11, 2026, N Donq Mangue appeared before an IJ for a custody redetermination hearing and the IJ found that he was a danger to the community and a flight risk. ECF No. 12 at 7; March 11, 2026 bond redetermination order, Pet'r's Ex. 6, ECF No. 12-7.[4]

As a result, N Donq Mangue brings this writ of habeas corpus petition asserting the following claims: (1) his detention without an adequate § 1226(a) bond hearing violates N Donq Mangue's Fifth Amendment rights; (2) the petitioner's detention under 8 U.S.C. § 1226(c) violates the LRA, the INA, and the Constitution; and (3) N Donq Mangue's prolonged detention without an adequate bond hearing violates his due process under the Fifth Amendment. The government moves to dismiss the petition, arguing that N Donq Mangue must exhaust his remedies with the BIA, the petition is not ripe, and should be dismissed for lack of subject matter jurisdiction. ECF No. 18 at 3.

II.    Legal authority

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

---

[4] As alleged in the amended petition, N Donq Mangue is believed to have appeared before the immigration court approximately seven times. *See* ECF No. 12 at 7 n.28.

## III.   Discussion

### A. The petition is mature and ripe, and waiver of administrative exhaustion is warranted, so I deny the respondents' motion to dismiss.

The respondents argue in their motion that the petitioner should be required to exhaust administrative remedies prior to seeking habeas relief. ECF No. 18 at 3. They assert that the petitioner had a bond hearing on October 2, 2025, where the IJ denied his bond request for failing to establish that he is not a risk of flight. *Id.* So the respondents contend that the proper channel for the petitioner to seek review of his custody determination would be through his pending appeal with the BIA. *Id.* The respondents further contend that, as a result, this petition should be dismissed for lack of subject matter jurisdiction.[5]

The petitioner argues that the respondents ignore immigration policy that makes seeking a bond hearing futile for N Donq Mangue. ECF No. 19 at 4. He argues that administrative exhaustion may be waived in cases where administrative remedies are inadequate, the pursuit of administrative remedies would be a futile gesture, or irreparable injury would result. *Id.* at 5–6 (citing *SEC v. G. C. George Secur., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)). Here, N Donq Mangue argues that the decision in the *Matter of Hurtado*, 29 I. & N. Dec. 216 (Sep. 5, 2025), makes any request for a bond hearing futile. ECF No. 19 at 6. N Donq Mangue also argues that requiring the petitioner to continue to be detained pending a BIA decision would cause him irreparable harm. *Id.* at 7 (citing *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013)). For these reasons, the petitioner asks this court to deny the respondents' motion. ECF No. 19 at 8.

As a threshold matter, I find that administrative exhaustion is waived and further find N Donq Mangue meets his burden showing relief is warranted. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless

---

[5] I note for the record that the respondents do not address nor assert in their motion to dismiss that one of the waivers of administrative exhaustion should not apply. *See generally* ECF No. 18.

exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

This circuit has held "that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability." *Laing*, 370 F.3d at 1001; *see also Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003); *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003). Indeed, "the starting point of the analysis is the length of detention—both how long the petitioner has been detained and how long the detention is likely to last." *Gonzalez v. Bonnar*, 2019 U.S. Dist. LEXIS 12636, at *14 (N.D. Cal. Jan. 25, 2019) (collecting cases). Other courts have held that that "the potential for irreparable harm to [the] Petitioner, in the form of continued unlawful denial of [bond] hearings for potentially four months or more," was so great that waiver of exhaustion requirement is appropriate. *See Villalta v. Sessions*, 2017 U.S. Dist. LEXIS 162981, at *9 (N.D. Cal. Oct. 2, 2017); *Cortez v. Sessions*, 2018 U.S. Dist. LEXIS 51007 (N.D. Cal. Mar. 27, 2018); *see also Rodriguez*, 715 F.3d at 1145 (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Lozano Rosales v. Simon*, 2026 U.S. Dist. LEXIS 50660, at *14 (E.D. Va. Mar. 11, 2026) (observing that the federal respondents had "not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief" in a habeas proceeding, and refusing to require the petitioner to "sit in an ICE detention facility for months on end while he awaits a BIA decision").

Here, the petitioner is challenging his detention, not his removability, and almost ten months have passed since N Donq Mangue was detained in August of 2025. Further, there is no information as to when the BIA would render a decision on N Donq Mangue's appeal. Thus, I find that N Donq Mangue's detention is neither brief, nor anticipated to end in the near future. Accordingly, waiver of administrative exhaustion is warranted here so the respondents' motion to dismiss is denied.[6]

**B. The petitioner's continued detention without an adequate bond hearing violates his due process rights.**

The petitioner asserts that the only authority under which he may be lawfully detained is 8 U.S.C. § 1226(a). ECF No. 12 at 14. N Donq Mangue further argues that he was admitted to the United States as a tourist and overstayed his visa. *Id.* As such, his position is that his detention during removal proceedings and judicial review of those proceedings should be governed by § 1226(a) and is entitled to a constitutionally adequate bond hearing. *Id.* N Donq Mangue also contends that a bond hearing fails to meet constitutional muster when the non-citizen is not afforded competent translation of proceedings. *Id.* (citing *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000)). He asserts that the audio recording of the September 29, 2025 and October 2, 2025 hearings indicate that that his hearings in immigration court were not fully translated into Spanish for him, and as a result, he was not afforded a legitimate opportunity to rebut the government's arguments.[7] ECF No. 12 at 15. The petitioner also argues that the IJ improperly placed the burden of establishing flight risk on the petitioner and that the wrong standard of review was applied.[8] *Id.* at 16; ECF No. 19 at 6–7.

---

[6] Because I find administrative exhaustion is waived due to irreparable harm, I do not make a finding as to N Donq Mangue's futility argument.

[7] Specifically, N Donq Mangue asserts that while he has had the opportunity to appear before an IJ for an upwards of seven times, the hearings failed to pass constitutional muster because the Spanish translation was incomplete.

[8] The petitioner argues that the immigration court shifted the burden on N Donq Mangue in establishing that he is not a flight risk. *See* ECF No. 12-6 at 2. This violates N Donq Mangue's constitutional right to an adequate hearing because a § 1226(a) bond hearing before an immigration judge requires that the government, if seeking detention, demonstrate that the noncitizen is dangerous or a flight risk by clear

The respondents did not file a response to the petition, even after the court issued an order approving the parties' stipulation (ECF No. 9), allowing the respondents to file a response by April 30, 2026. Further, even in light of considering the motion to dismiss, it is non-responsive to the petitioner's first amended petition. So I address N Donq Mangue's unopposed petition.

First, because the respondents did not file a response to provide their position as to whether N Donq Mangue is detained under § 1226(a), § 1226(c), or § 1225, the court does not make a determination as to whether the petitioner is detained under § 1226(a) or (c) as it is unnecessary in addressing N Donq Mangue's requested relief. Regardless of the provision under which the petitioner is being detained, such detention must also comport with due process.

Section 1226(a) "is the default detention statute for noncitizens in removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." *Id.* "Although section 1226(a) sets out a discretionary detention scheme, § 1226(c) provides an exception which mandates detention for certain criminal noncitizens." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1115 (E.D. Cal. 2025). Specifically, 8 U.S.C. § 1226(c)(1)(A) provides that the "Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). There is no evidence in the record that N Donq Mangue qualifies for detention under § 1226(c), so the petitioner should not remain detained under that section.

Further, given that N Donq Mangue is rapidly approaching one year in detention, and because there is evidence that the prior immigration court hearings did not adequately comport with due process,[9] I find his detention has become unreasonable and fails to comport with due process for two reasons. First, the immigration judge shifted the burden during his bond hearing

and convincing evidence. ECF No. 12 at 9 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27, 41 (1st Cir. 2021); ECF No. 12 at 16 (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).
[9] Because I grant relief on this basis, I do not address N Donq Mangue's remaining arguments.

by requiring N Donq Mangue to show he was not a flight risk, instead of requiring the government to meet its burden that he *should be* detained. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008) (A noncitizen is "entitled to release on bond unless the government establishes that he is a flight risk or will be a danger to the community.") (cleaned up). Second, there was inadequate and incomplete Spanish translations provided to the petitioner during the September 2025 bond hearing.[10] A detainee is entitled to a translator for all proceedings. *Perez-Lastor*, 208 F.3d at 778 ("It is long-settled that a competent translation is fundamental to a full and fair hearing. If an alien does not speak English, deportation proceedings must be translated into a language the alien understands."). Therefore, the petitioner is entitled to a bond hearing with the assistance of a translator, and further, to a hearing that determines if he is a flight risk or will be a danger to the community under the correct standard and burden.

Accordingly, I grant N Donq Mangue's petition to ensure the U.S. Constitution's values are upheld. The petitioner is entitled to a prompt and individualized bond hearing, at which the respondents must justify his continued detention by a showing of clear and convincing evidence that the petitioner would likely flee or pose a danger to the community if released. *See Singh*, 638 F.3d at 1203 (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear

---

[10] I note that the petitioner filed a manual filing containing three audio recordings for N Donq Mangue's bond hearings. Manual filing, ECF No. 13. The court was only able to access the September 2025 audio hearing (Exhibit 7); it appears the other two recordings either failed to copy correctly or are corrupted. Nonetheless, the September 29, 2025 audio sufficiently supports the petitioner's argument that the bond hearing failed to meet constitutional muster because he was not afforded complete translation of the proceeding. Instead, the audio demonstrates that only part of the proceeding was translated, and there were multiple sections where the government and judge engaged in substantive arguments that were not translated.

and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

IV.     Conclusion

IT IS HEREBY ORDERED that Jesus Sima N Donq Mangue's first amended petition [ECF No. 12] is GRANTED.

IT IS FURTHER ORDERED that the respondents give N Donq Mangue a bond hearing by June 11, 2026. The respondents must file a status report within 48 hours of the bond hearing advising (1) when the hearing occurred and (2) the outcome of that hearing.

IT IS FURTHER ORDERED that the respondents' motion to dismiss [ECF No. 18] is DENIED.

Dated: June 4, 2026

_____
Cristina D. Silva
United States District Judge