UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jesus Sima N Donq Mangue,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-00586-CDS-DJA

**Order Denying the Petitioner's Motion to Enforce Judgment and Denying the Respondents' Motion to Extend Time**

[ECF Nos. 22, 23]

N Donq Mangue filed his first amended petition for writ of habeas corpus on April 17, 2026. First am. pet., ECF No. 12. After considering the pleadings, I granted N Donq Mangue's first amended petition and denied the respondents' motion to dismiss. Order, ECF No. 20. For the reasons set forth herein, I deny the petitioner's motion to enforce judgment (ECF No. 22) and the respondents' motion to extend time to file a response (ECF No. 23).[1]

## I. Background[2]

The parties are familiar with the background of this case. I only include and address information relevant to resolving the pending motions.

The court explained in its prior that

> because the respondents did not file a response to provide their position as to whether N Donq Mangue is detained under § 1226(a), § 1226(c), or § 1225, the court does not make a determination as to whether the petitioner is detained under § 1226(a) or (c) as it is unnecessary in addressing N Donq Mangue's requested relief. Regardless of the provision under which the petitioner is being detained, such detention must also comport with due process.
>
> . . . .

[1] Because the respondents filed their response to the petitioner's motion to enforce (ECF No. 25), their motion for extension of time is denied as moot. And I deem their response to the petitioner's motion timely filed. Accordingly, the court does not address the petitioner's opposition (ECF No. 24) to the motion for an extension of time.

[2] I incorporate by reference the factual background in my previous order. ECF No. 20.

> There is no evidence in the record that N Donq Mangue qualifies for detention under § 1226(c), so the petitioner should not remain detained under that section.

ECF No. 20 at 7.

I previously found that the prior immigration court hearings did not adequately comport with due process; the immigration judge (IJ) shifted the burden during his bond hearing by requiring N Donq Mangue to show he was not a flight risk, and there was inadequate and incomplete Spanish translations provided to the petitioner during the September 2025 bond hearing. *Id.* at 7–8. As a result, I ultimately found that the petitioner was entitled to a prompt and individualized bond hearing. *Id.* at 8. I ordered the respondents to give the petitioner a bond hearing by June 11, 2026, and to file a status report within 48 hours of the bond hearing. *Id.* at 9.

The respondents filed a status report in compliance with the court contending that the petitioner had a bond hearing on June 10, 2026, at the conclusion of which the IJ denied his release on bond. ECF No. 21 at 1. Indeed, the IJ entered an order on June 10, 2026, denying the petitioner's bond redetermination and provided a thorough analysis of the reason for their denial:

> The Court has considered all information provided by [N Donq Mangue], the Order granting Habeas Corpus, and the entirety of the evidentiary record. Pursuant to Matter of Sugay, 17 I&N Dec 637 (BIA 1981), the Court has considered all factors enumerated therein before deciding this matter. Further the Court has considered "the total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the promptness of the immigration authorities and the fact that he is subject to an order of removal and the fact that the BIA is still deciding the respondent's appeal. The Court may properly consider any unfavorable evidence of an alien's conduct, including arrests that did not ultimately result in conviction. Matter of Guerra, 24 I&N Dec. 37, 41 (BIA 2006).

> The Court finds that continued detention of the alien is still necessary to fulfill § 1226(c)'s purposes of ensuring that his release will not pose a danger to the community. Due to the respondent's numerous contacts, as set forth in the order granting habeas corpus, with law enforcement involving serious issues, convictions coupled with his violation of immigration laws, the lack of responsibility for the entirety of his law enforcement contacts, the Court finds the government did establish by clear and convincing evidence that he is a danger to the community.
>
> In addition, the government did establish by clear and convincing evidence that he is a flight risk. The respondent's prior unwillingness to abide by the terms of his visa, and the denial of all applications for relief from removal, disregard for the immigration and criminal laws of the United States indicate that he is a significant flight risk and that no amount of bond would reasonably assure his presence at future immigration proceedings.

IJ order, Resp'ts' Ex. A, ECF No. 21-1 at 2–3.

## II. Discussion

N Donq Mangue now moves to enforce the court's order. ECF No. 22. He requests for the court to find that the bond hearing held on June 10, 2026, failed to comply with the standard of review and due process requirements set forth in the court's order. *Id.* at 4. He further requests that this court order his immediate release from ICE custody. *Id.* N Donq Mangue argues that his convictions do not support a finding of dangerousness, and that the IJ's reference to his failure to comply with the terms of his visa as an indication of flight indicates that the immigration court did not seriously consider his ties to the community as a factor that weighs against his risk of flight.

The petitioner cites case law indicating that the court has authority to grant motions to enforce judgments when a prevailing party demonstrates that the non-moving party has not complied with the court's order. *Id.* at 4 (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)). But I find the petitioner's argument unpersuasive.

The record is clear that the IJ carefully considered various factors and extensively weighed N Donq Mangue's criminal history and the length of his detention during the June 2026 hearing. ECF No. 21-1. Moreover, the IJ shifted the burden to the government and required the

government to show that the petitioner was a danger to the community. Any additional relief sought by the petitioner would be outside the court's jurisdiction. Because I find that the court's prior order was complied with by the respondents and the immigration court held a bond redetermination hearing that comports with due process, the petitioner's motion to enforce is denied.[3]

## III. Conclusion

IT IS HEREBY ORDERED that Jesus Sima N Donq Mangue's motion to enforce order **[ECF No. 22] is DENIED.**

IT IS FURTHER ORDERED that the respondents' motion to extend time **[ECF No. 23] is DENIED as moot.**

Dated: July 27, 2026

Cristina D. Silva
United States District Judge

[3] The petitioner argues that none of his prior convictions or arrests trigger § 1226(c), so his convictions do not support a finding of dangerousness. ECF No. 22 at 3. The petitioner essentially argues that because this court previously found that there was no evidence in the record which would qualify N Donq Mangue to be detained under 8 U.S.C. § 1226(c), the IJ erred in its ruling. *Id.* at 2. Even if the IJ made findings that the petitioner was subject to detention under § 1226(c), this does not render the IJ's findings during the June 10, 2026 hearing erroneous, nor does it signify that the hearing was constitutionally insufficient. Moreover, the petitioner does not cite any authority that would allow this court to substitute its judgment and determination in place of the IJ in light of the record from the June 10th bond hearing.